# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CHAD SANDINE; GROUNDHOGZ
EXPRESS, INC.; and GROUNDHOGZ
LOGISTICS, INC.
                                   PLAINTIFFS/
                                COUNTER-DEFENDANTS

v.                   No. 3:17-cv-151-DPM

DON TATE; and TATE EXPRESS, INC.        DEFENDANTS/
                                 COUNTER-PLAINTIFFS

## ORDER

1. The parties have fallen out over the sale of a trucking business rooted in freight hauling contracts with FedEx. The sellers (Sandine and the Groundhogz entities) seek summary judgment on the buyers' (Tate and Tate Express) counterclaims. The buyers haven't moved for judgment on any count in the sellers' complaint, which alleges breach of contract, promissory estoppel, unjust enrichment, and fraud. The buyers made four counterclaims: breach of contract, fraud, misappropriation of money had and received, and declaratory judgment. All these the sellers want to stop short of trial.

This $1.9 million deal was short on formality and long on informal arrangements. The contract was a form, two pages long with a one-page attachment. There's an April version, which was supplanted by a May version. The buyers prepared these documents with input from

the sellers. $600,000 of the purchase price was to be carried by the sellers, but there was no note. At closing, sellers got $1.3 million, which a bank had lent buyers. The bank has a first position on the trucks and business. A few trucks had some mechanical problems eventually. It took several months to get the FedEx contracts transferred. Some FedEx payments went to sellers after the closing. And some of the trucks may have been sold without giving sellers a right of first refusal. The buyers haven't paid any interest or principal on the $600,000 debt.

**2.** The parties' dispute needs a trial. The core issues are matters of contract. The May agreement is ambiguous about the repayment term for the $600,000. While the Court would ordinarily resolve ambiguity, here it depends on disputed extrinsic evidence—the parties' testimony and other matters. So the jury must decide what the parties intended. *Smith v. Prudential Property and Casualty Insurance Co.*, 340 Ark. 335, 341, 10 S.W.3d 846, 850 (2000). The same is true about Don Tate's personal liability for the debt. Sellers' case against him is strong. But they've not sought summary judgment, perhaps recognizing that there may be slivers of disputed fact. The Court is skeptical, though, about sellers' claims for promissory estoppel and unjust enrichment, which seem like suspenders over the belt of their breach claim. Sellers' fraud claim—about buyers' representations of their financial health, business savvy, and intention to pay off the note monthly—probably

boils down to the contract, too. The proof will reveal whether the sellers have a submissible tort claim.

**3.** What claims from the buyers' side need trying? Their warranty claim does not. It's undisputed that buyers failed to give notice required by statute. ARK. CODE ANN. § 4-2-607; *Hartness v. Nuckles*, 2015 Ark. 444, at 5–6, 475 S.W.3d 558, 563. Their declaratory judgment claim does not. Don Tate's personal liability will be resolved by the jury's verdict about the contract. The buyers also pleaded for a declaration that the $600,000 debt was unsecured, but no one has mentioned that issue in the motion briefing. In sum, as the sellers urge, the request for declaratory judgment is superfluous.

Buyers' claim for money received by sellers during the delayed transfer of the FedEx contracts is likewise unnecessary. It could be an equitable claim; but the buyers press for a reduction in what they owe on the contract; and this issue is best handled on their breach claim. As far the Court can tell from the rather murky record, there's a genuine dispute of material fact about whether buyers or sellers paid the expenses during the transition stage on the routes belatedly transferred in August and September. It seems agreed that sellers got the revenue—some $77,000. The jury can address that dispute as part of buyers' breach claim. There's no need to tangle things up with an additional equitable claim. And notwithstanding buyers' label, there's no fraud involved in who got paid.

That leaves the alleged fraud in the deal itself. The buyers' claim is weak. Don Tate is an educated and experienced businessman. He valued this business, and made an offer that was less than his valuation and less than sellers' asking price. Sellers accepted. Both the April and May agreements provided a ten-day period to examine books and operations, with the ability to walk away. There was some record review, an independent mechanical evaluation of the trucks and equipment, and then a closing. The business apparently hasn't performed as expected. All this seems more like buyer's remorse than fraud.

But the Court must take the record where genuinely disputed in the light most favorable to the buyers. *Bank of America, N.A. v. JB Hanna, LLC*, 866 F.3d 929, 932 (8th Cir. 2017). The FedEx contracts are the business. There's testimony that complete copies were not available until after closing. The financials were about several seller-related entities, rather than just what was being sold. There were supposed assurances born of the friendship between Chad Sandine and Anthony Tate, which buyers say led them to go forward with incomplete information. Finally, there's Don Tate's post-deposition affidavit, which is supplementary, not contradictory. *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184 (8th Cir. 1996) and like precedent make it hard for the buyers to present a submissible fraud case in these circumstances. But the record is not clear enough for the Court to say

-4-

as a matter of law that there was no misrepresentation, no detrimental reliance, or no damages.

* * *

This is a contract case with dueling breach claims, and what will probably turn out to be merely overtones of fraud from each side. Buyers' warranty claim is dismissed with prejudice. Buyers' "money had and received" and declaratory judgment claims are dismissed without prejudice. Sellers' motion for summary judgment, № 30, is partly granted as modified and partly denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 February 2019