IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD SANDINE; GROUNDHOGZ
EXPRESS, INC.; and GROUNDHOGZ
LOGISTICS, INC.
                                                                                                      PLAINTIFFS/
COUNTER-DEFENDANTS

v.                     No. 3:17-cv-151-DPM

DON TATE; and TATE EXPRESS, INC.      DEFENDANTS/
COUNTER-CLAIMANTS

ORDER

1. The Court appreciates the parties' submissions to chambers yesterday afternoon, all of which are attached to this Order. The Tates' alternative plan for their exhibits is fine.

2. Don Tate has elected to proceed as a party to the contract. He no longer disputes his personal liability on the debt. He will pursue the breach and fraud claims with Tate Express. The Court will propose draft final instructions accordingly.

3. The Court appreciates the stipulation. Please file it after it's signed by the Tates' lawyers. The Court will read it to the jury after opening statements. A stipulation requires affirmative agreement from both sides. The additional facts are not covered by the parties' agreement. Sandine and Groundhogz are free to cross examine the

Tates on what are probably admissions. But the additional facts are not stipulated.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 March 2019



**don Tate status**
**Philip E. Kaplan**   to: dpmchambers@ared.uscourts.gov   03/05/2019 04:51 PM
Cc: "twilcox@wilcoxlacy.com", "chris@scholtensaveritt.com", "Randy Taub (rftaublegal@gmail.com)"

**Judge Marshall, the defendants have agreed with the plaintiffs that they will agree that Don Tate is a party to the May 23, 2014 contract. They will not argue that he signed individually.**

**With regard to the stipulations, I have agreed to stipulate to several facts but I do not believe that I will agree to an expanded number as proposed by the plaintiffs. Even with the agreement, I am not confident that they are all relevant to either plaintiff's or defendant's  theory of the case, but I have agreed and will adhere to that agreement.**

**I must apologize to the court as I will not be able to deliver the notebooks of exhibits to the courthouse in Jonesboro by tomorrow. I will send them by FedEx tomorrow for Thursday delivery. I will be able to send to**

**your chambers an electronic version of our exhibits by COB tomorrow. Our only 2 witnesses will be Don & Anthony Tate.**

Philip E. Kaplan
Williams & Anderson PLC
111 Center Street, Suite 2200
Little Rock, Arkansas 72201
(501) 396-8432
(501) 396-8532 (fax)

[www.williamsanderson.com](www.williamsanderson.com)

**CONFIDENTIALITY NOTICE** - THIS ELECTRONIC MAIL TRANSMISSION AND ANY DOCUMENTS ACCOMPANYING IT CONTAIN CONFIDENTIAL INFORMATION THAT IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.  THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US TO ARRANGE FOR THE RETURN OF THE MESSAGE AND ANY ATTACHED DOCUMENTS. THANK YOU.



Sandine v Tate, Case No. 6:17-cv-151

**Samantha Hogan**  to: dpmchambers@ared.uscourts.gov    03/05/2019 04:34 PM

Cc: "pkaplan@williamsanderson.com", "rftaublegal@gmail.com", "chris@scholtensaveritt.com"  , Blake Wilcox

1 attachment



Wilcox Lacy_20190305_163721.pdf

```
Please see attached from Tony Wilcox.

Thank you.

Samantha Hogan
Assistant to Tony L. Wilcox
Assistant to Blake W. Wilcox
WILCOX LAW FIRM
600 S. Main Street
Jonesboro, AR  72403-1733
(870) 931-3101
(870) 931-3102 (Fax)
```

```
* * * * CONFIDENTIALITY NOTICE * * * *
The information contained in this e-mail, and in any attachment, may be
confidential and/or privileged.  This email is intended to be reviewed only by
the individual or organization named above.  If you are not the intended
recipient or an authorized representative of the intended recipient, you are
hereby notified that any review, dissemination or copying of this e-mail and
its attachments, if any, or the information contained herein, is strictly
prohibited.  If you have received this e-mail in error, please immediately
notify sender by return e-mail and delete this e-mail from your system.
Additionally, Wilcox Law Firm attempts to sweep e-mail and attachment for
viruses, it does not guarantee that either is virus-free and accepts no
liability for any damage sustained as a result of viruses.  Thank you.
```

# WILCOX LAW FIRM
## JONESBORO

Tony L. Wilcox, P.A.  Blake W. Wilcox, P.A.

600 S. Main Street
Jonesboro, AR 72401

TOLL FREE 877-931-3101
870-931-3101
FAX 870-931-3102

March 5, 2019

Judge Price Marshall  *Via email: dpmchambers@ared.uscourts.gov*
600 West Capitol Avenue, Room B149
Little Rock, AR 72201

**RE: *Sandine v. Tate et. al., Case No. 6:17 cv-151***

Dear Judge Marshall:

Pursuant to the Court's Order at the pretrial held on March 1, 2019, the parties have conferred and exchanged proposed stipulations. We are hereby submitting a set of what we believe are agreed stipulated facts. We are awaiting Mr. Kaplan's signature, but we have certainly intended to incorporate his suggested changes and/or deletions.

Additionally, Plaintiffs are submitting four additional paragraphs of proposed stipulated facts which Defendants have previously admitted pursuant to Rule 56.1 and additionally in their pretrial disclosures. Defendants now object to these four paragraphs. For ease of reference, Plaintiffs have added the parenthetical references to the previous paragraph numbers found in Plaintiffs' Statement of Material Facts Not in Dispute and Plaintiffs' Pretrial Disclosures. A second "clean" copy without citations to the record is also enclosed.

Finally, it is Plaintiffs' preference that these facts be read/published to the jury after opening statements. Plaintiffs have no objection, however, should the Court determine that it is more appropriate to advise the jury as to the stipulated facts prior to opening.

Yours truly,

*/s/ Tony L. Wilcox*

Tony L. Wilcox
TLW/sh
enc.
cc: Phil Kaplan
　　Randy Taub
　　Chris Averitt
　　Blake Wilcox

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD SANDINE; GROUNDHOGZ EXPRESS, INC.; and
GROUNDHOGZ LOGISTICS, INC.
                                    PLAINTIFFS/COUNTER-DEFENDANTS

v.                         CASE NO. 3:17-cv-151-DPM

DON TATE; and TATE EXPRESS, INC.
                                          DEFENDANTS/COUNTER-PLAINTIFFS

## STIPULATED FACTS

The parties have stipulated to the following facts:

1. On May 23, 2014, Don Tate individually and as President of Tate Express, Inc. entered into a Contract with Chad Sandine, Groundhogz Express, Inc. and Groundhogz Logistics, Inc. to purchase ten tractors, along with certain current dedicated routes with FedEx.

2. The purchase price was $1,900,000.00. Mr. Don Tate admits that this was a negotiated price.

3. Don Tate admits that Mr. Sandine's original asking price was $2.2 million and that he made a counter offer of $1.9 million.

4. The Contract was subject to a satisfactory review of the books, records and operations of the business by the Defendants, and it was subject to the Defendants receiving acceptable financing.

1

5. Defendants paid Plaintiffs the $1,300,000.00 down payment which was accepted and deposited by Mr. Sandine on July 21, 2014.

6. Anthony Tate is an employee of Tate Express. Anthony Tate signed FedEx documents as the Secretary of Tate Express.

7. Mr. Tate admits that at some time after the purchase, he listed the business for sale. Mr. Tate could not recall the exact price and testified that he was not sure if it was $2 million or more.

8. With respect to the February 11, 2016 Don Tate email to Chad Sandine requesting a reduction and transfer of his personal note, Anthony Tate admits he would have agreed to accept his father's responsibility for $300,000.00 of that note personally and understood what was being transferred was Mr. Don Tate's personal responsibility.

9. Defendants have sold some of the trucks purchased from Mr. Sandine.

10. Anthony Tate testified that the Defendants did not inspect the truck themselves at the time of transfer, but instead used a third party, "10-4 Truck Service" to perform the inspections and confirm that they passed the DOT requirements. 10-4 Truck Service performed the DOT truck inspection and all trucks passed. They were found to be in satisfactory condition and in full compliance with DOT regulations.

11. Mr. Don Tate admitted that Mr. Sandine provided all documents needed to transfer the trucks and to vest good and marketable title to the business free and clear of any and all liens and encumbrances.

12. Mr. Tate admits that Mr. Sandine told him that the approval process could be slow because FedEx moves at their own pace.

13. Mr. Tate admits that he knew his purchase of Mr. Sandine's rights were subject to FedEx's approval.

14. Anthony Tate testified that the closing of the deal would have been around June 28, 2014 and that up until the closing, the parties were waiting on Defendants' bank, Iberia, to get documents ready.

15. Don Tate admits that FedEx had completed the authorization of Tate Express to begin running all of the routes by September 2014.

16. Mr. Don Tate testified that originally the trucks during the transaction with Mr. Sandine were valued at $600,000.00. Mr. Tate later increased the valuation of those same trucks to $650,000.00 related to his disclosures to the bank and request for financing.

17. Don Tate cannot identify any financial information or numbers provided by Mr. Sandine which he contends were false.

18. Don Tate admits that during the due diligence period, he could have cancelled the deal if he wanted to, and he chose not to do so.

19. Anthony Tate admits that until FedEx completed the route transfers, Tate Express could not run trucks on those routes. Mr. Tate understood that until FedEx switched those routes from Sandine to Tate, FedEx was not going to pay Tate for running those routes.

Tony L. Wilcox, #93084
Blake W. Wilcox $2014249
Wilcox Law Firm
600 S. Main Street
Jonesboro, Arkansas 72401

_____
Tony L. Wilcox, Counsel for Plaintiffs


Phillip E. Kaplan
Williams & Anderson, PLC
111 Center Street, Suite 2200
Little Rock, AR 72201


_____
Phillip Kaplan, Attorney for Defendants

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD SANDINE; GROUNDHOGZ EXPRESS, INC.; and
GROUNDHOGZ LOGISTICS, INC.
              PLAINTIFFS/COUNTER-DEFENDANTS

v.        CASE NO. 3:17-cv-151-DPM

DON TATE; and TATE EXPRESS, INC.
              DEFENDANTS/COUNTER-PLAINTIFFS

## PLAINTIFFS' PROPOSED STIPULATED FACTS TO WHICH DEFENDANTS OBJECT

1. Anthony Tate testified that the financial overview performed by Don Tate on March 15, 2014 demonstrates the method used by Defendants to arrive at the offer price of $1.9 million. In performing his financial overview, Don Tate used an EBITDA (Earnings Before Income Taxes, Depreciation and Amortization) multiple of 4 as the basis of the offer. Using an EBITDA multiplier of 4 results in a value of $2.1 million. (SOMF ¶ 35; Pretrial ¶ 35)

2. Don Tate chose the multiplier to use for the purpose of the offer. Even though Mr. Don Tate's financial overview reflected a value of over $2.1 million, Mr. Tate chose an offer price of $1.9 million. SOMF ¶ 36; Pretrial ¶ 36)

3. Don Tate performed the EBITDA calculations for 2011 and 2012. SOMF ¶ 37; Pretrial ¶ 37)

4. Don Tate admits that Mr. Sandine continued to make insurance payments on the trucks until all of the trucks were transferred. Mr. Sandine admits that until the trucks

1

were transferred, Mr. Sandine was running the trucks at his expense with his drivers on his insurance. SOMF ¶ 63; Pretrial ¶ 45)


Submitted by:

Tony L. Wilcox, #93084
Blake W. Wilcox $2014249
Wilcox Law Firm
600 S. Main Street
Jonesboro, Arkansas 72401

_____
Tony L. Wilcox, Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD SANDINE; GROUNDHOGZ EXPRESS, INC.; and
GROUNDHOGZ LOGISTICS, INC.
                PLAINTIFFS/COUNTER-DEFENDANTS

v.       CASE NO. 3:17-cv-151-DPM

DON TATE; and TATE EXPRESS, INC.
                DEFENDANTS/COUNTER-PLAINTIFFS

## PLAINTIFFS' PROPOSED STIPULATED FACTS TO WHICH DEFENDANTS OBJECT

1. Anthony Tate testified that the financial overview performed by Don Tate on March 15, 2014 demonstrates the method used by Defendants to arrive at the offer price of $1.9 million. In performing his financial overview, Don Tate used an EBITDA (Earnings Before Income Taxes, Depreciation and Amortization) multiple of 4 as the basis of the offer. Using an EBITDA multiplier of 4 results in a value of $2.1 million.

2. Don Tate chose the multiplier to use for the purpose of the offer. Even though Mr. Don Tate's financial overview reflected a value of over $2.1 million, Mr. Tate chose an offer price of $1.9 million.

3. Don Tate performed the EBITDA calculations for 2011 and 2012.

4. Don Tate admits that Mr. Sandine continued to make insurance payments on the trucks until all of the trucks were transferred. Mr. Sandine admits that until the trucks were transferred, Mr. Sandine was running the trucks at his expense with his drivers on his insurance.

1

Submitted by:

Tony L. Wilcox, #93084
Blake W. Wilcox $2014249
Wilcox Law Firm
600 S. Main Street
Jonesboro, Arkansas 72401

_____
Tony L. Wilcox, Counsel for Plaintiffs