# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

CHAD SANDINE;  GROUNDHOGZ
EXPRESS, INC.;  and GROUNDHOGZ
LOGISTICS, INC.                                                    PLAINTIFFS/
                                                          COUNTER-DEFENDANTS

v.                                    No. 3:17-cv-151-DPM

DON TATE;  and TATE EXPRESS, INC.                    DEFENDANTS/
                                                          COUNTER-CLAIMANTS

## ORDER

The Court is attaching working drafts of its final instructions and
alternative verdicts.  These drafts implement Don Tate's election to
proceed on the contract.  The first verdict covers fraud and contract
claims, the second only contract claims.  We'll see what the proof
supports.  And we will revise the instructions and verdict as needed
during the trial.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

6 March 2019

**1.**

Follow all the Court's instructions. Written and spoken instructions are equally important. And it doesn't make any difference when I give an instruction. Follow them all.

**2.**

Your job is to decide what happened. Don't take anything I said or did as a suggestion about what your decision should be. You're the judges of the facts, not me.

**3.**

Don't decide the case based on sympathy, prejudice, or emotion. Decide based on the evidence, the law, and your common sense.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**4.**

The evidence is the witnesses' testimony, the exhibits, any facts agreed by the parties, and any facts I've told you that you must accept as true.  Anything the lawyers said (such as questions, statements, arguments, and objections) is not evidence.  If I told you to disregard something, ignore it.  If you saw or heard something about this case outside the courtroom, ignore that, too.  If I told you some evidence must be used only for a limited purpose, do so.

**5.**

Be careful evaluating each witness's credibility.  Use your life experience and your common sense in deciding what testimony you believe.

**6.**

The sellers of this trucking business were Chad Sandine, Groundhogz Express, Inc., and Groundhogz Logistics, Inc. For simplicity, the Court will refer to all these parties as Groundhogz. The buyers were Don Tate and Tate Express, Inc. For simplicity, the Court will refer to both these parties as Tate.

**7.**

The party with the burden of proof must prove the facts asserted by a preponderance of the evidence. That means the party must prove that something is more likely true than not true. I will tell you whether Groundhogz or Tate has the burden of proof on particular issues. If Groundhogz has the burden of proof on a fact, and the evidence is equally balanced, then the sellers have not carried their burden. If Tate has the burden of proof on a fact, and the evidence is equally balanced, then the buyers have not carried their burden. Neither Groundhogz nor Tate must prove anything beyond a reasonable doubt. That's the standard for criminal cases, not civil cases like this one.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**8.**

Groundhogz claims that Tate violated the contract by not making monthly payments to Groundhogz and by not honoring Groundhogz's right of first refusal. To succeed on this claim, Groundhogz must prove:

*First*, that Groundhogz and Tate made a contract. All parties agree that they did;

*Second*, that the contract required Tate to perform a certain act;

*Third*, that Groundhogz did what the contract required it to do; and

*Fourth*, that Tate did not do what the contract required of it.

If you find that Groundhogz proved each of these propositions, your verdict should be for Groundhogz. If, though, you find that Groundhogz failed to prove one or more of these propositions, your verdict should be for Tate.

- 5 -

**9.**

If you decide that Tate violated the contract, then you must fix the amount of money that Groundhogz has proved will reasonably and fairly compensate it. Any award should put Groundhogz in no better position than it would have been in if both sides had performed their promises under the contract.

The elements of damage that Groundhogz claims under the contract are:

- the due but unpaid monthly payments; and

- the lost right of first refusal.

Whether either of these elements of damage has been proved by the evidence is for you to determine.

## 10.

Tate claims that Groundhogz violated the contract by not disclosing necessary information and by keeping money paid by FedEx to Groundhogz that Tate earned. To succeed on this claim, Tate must prove:

*First*, that Tate and Groundhogz made a contract. All the parties agree that they did;

*Second*, that the contract required Groundhogz to perform a certain act;

*Third*, that Tate did what the contract required it to do; and

*Fourth*, that Groundhogz did not do what the contract required of it.

If you find that Tate proved each of these propositions, your verdict should be for Tate. If, though, you find that Tate failed to prove one or more of these propositions, your verdict should be for Groundhogz.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**11.**

If you decide that Groundhogz violated the contract, then you must fix the amount of money that Tate has proved will reasonably and fairly compensate it. Any award should put Tate in no better position than it would have been in if both Tate and Groundhogz had performed their promises under the contract.

The elements of damage that Tate claims under the contract are:

- the amount Groundhogz received from FedEx during the transition period for services Tate performed; and

- the amount of the purchase price that resulted from concealed or deceptive facts about the business's value.

Whether either of these elements of damage has been proved by the evidence is for you to determine.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**12.**

The parties dispute the meaning of the following language in

their contract:

> (c) Terms:  seller to carry a 600,000 note for 8 years (96
> months) at 4.5% interest rate;  no prepayment on
> principal before 1/1/15;  with seller holding security
> interest in FedEx contract routes transferrable to seller in
> event of default;  seller will have the right of first refusal
> to purchase the equipment with routes if buyer decides
> to sell

Groundhogz says Tate owed monthly payments.  Tate says it did

not, but instead owes a balloon payment at the end of eight years.

It's your duty to interpret the contract to give effect to what

the parties intended when they made their agreement.  In

determining the parties' intent, you must take into consideration

the words of the contract, the circumstances surrounding the

making of the contract, the subject of the contract, the purpose of

the contract, the situation and relation of the parties at the time the

contract was made, the parties' later course of performance, and

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

the parties' earlier course of dealing.  You should give the words
of the contract their plain, ordinary, and usual meaning, unless it
is clear that certain words were intended to be used in a technical
sense.

**13.**

When interpreting the contract, consider the parties' course of performance. You should give weight to the meaning placed on the language by the parties themselves, as shown by their statements, acts, or conduct after the contract was made.

The parties' intent may also be shown by their earlier course of dealing. A "course of dealing" is conduct between the parties before the making of their contract that can be fairly regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**14.**

A contract must be interpreted as a whole. The different clauses of the contract must be read together and interpreted, if possible, so that all of the parts are consistent with each other.

**15.**

If you cannot determine the intention of the parties after considering the instructions that I have already given you about the interpretation of the ambiguous language in the contract, then you should interpret the ambiguous language against the party who prepared the contract.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**16.**

Groundhogz claims damages from Tate for fraud. It says Tate misrepresented its ability to pay the purchase price to induce Groundhogz to defer payment of the $600,000. Groundhogz has the burden of proving these four elements:

*First*, that it has sustained actual financial loss;

*Second*, that Tate misrepresented material facts in connection with the purchase of Groundhogz's business;

*Third*, that Tate intended that Groundhogz rely upon Tate's representations; and

*Fourth*, that Groundhogz' actual financial loss was proximately caused by its reliance on Tate's representations.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**17.**

Tate claims damages from Groundhogz for fraud. It says Groundhogz inflated the price of its business and concealed material information. Tate has the burden of proving these four elements:

*First,* that it has sustained actual financial loss;

*Second,* that Groundhogz used deception or concealed material facts in connection with the sale of Groundhogz's business;

*Third,* that Groundhogz intended that Tate rely upon the incomplete or deceptive information Groundhogz provided; and

*Fourth,* Tate's actual financial loss was proximately caused by its reliance on Groundhogz' incomplete or deceptive information.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

**18.**

Groundhogz also seeks punitive damages for Tate's alleged fraud. Any compensatory damages will make Groundhogz whole for any loss. Punitive damages punish and deter. It is your choice to whether award Groundhogz punitive damages; you do not have to do so.

To obtain punitive damages, Groundhogz must prove one of two things:

(1) Tate knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in damages, and Tate continued its conduct in reckless disregard of the consequences, from which malice may be inferred; or

(2) Tate intentionally pursued a course of conduct for the purpose of causing damages.

Groundhogz has the burden of proving the facts that could support punitive damages by clear and convincing evidence. This is a greater burden of proof than the preponderance of the evidence. And this evidentiary standard applies only to the facts

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

about punitive damages.  Clear and convincing evidence is proof that enables you without hesitation to reach a firm conviction that the allegation is true.

**19.**

Here are some rules for your deliberations.

*First*, choose a foreperson. She or he will preside over your deliberations, sign your verdicts, and speak for you here in Court.

*Second*, talk through the case in detail. Consider all the evidence. Discuss it fully with your fellow jurors. And listen attentively to others' views.

*Third*, make your own conscientious decision. Don't be afraid to change your mind if you're persuaded by the discussion. But don't make a decision simply because others think it is right. And don't agree just to get done.

*Fourth*, try hard to reach agreement. Your verdicts must be unanimous.

*Fifth*, if you need to communicate with me during your deliberations, send me a note through the court security officer.

Court's Draft Final Jury Instructions
6 March 2019

3:17-cv-151-DPM
*Sandine v. Tate*

One or more jurors must sign the note. But, do not tell me—or anyone—how your votes stand numerically.

*Sixth*, your verdict will be your answers various questions. I'll read the verdict form to you now.

*Seventh*, from this point forward, other than a note to the Court, do not communicate with any person other than your fellow jurors about the merits of the case.

## OATH

Court security officer, do you solemnly swear or affirm to keep this jury together in the jury room, and not to permit any person to speak to or communicate with them concerning this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and to return them into the courtroom when they have so agreed, or when otherwise ordered by the Court?

# VERDICT

**Remember: Groundhogz means Chad Sandine, Groundhogz Express, Inc., and Groundhogz Logistics, Inc.; and Tate means Don Tate and Tate Express, Inc.**

1. Did the parties intend that the $600,000 note would be repaid in monthly installments?

   _____Yes             _____No

2. If you answered "Yes" to question #1, how much does Tate owe Groundhogz in back payments, including any interest?

   $_____

3. Did Tate honor Groundhogz's right of first refusal?

   _____Yes             _____No

4. If you answered "No" to question #3, what is the amount of resulting damage to Groundhogz?

   $_____

**5.** Did Groundhogz provide Tate access to all the information required by the parties' contract before the deal closed?

_____Yes                    _____No

**6.** If you answered "No" to Question #5, what was the amount of resulting damage to Tate?

$_____

**7.** Did Groundhogz receive money from FedEx during the transition that Tate is entitled to?

_____Yes                    _____No

**8.** If you answered "Yes" to question #7, how much does Groundhogz owe Tate?

$_____

**9.** Did Tate fraudulently misstate its ability to pay Groundhogz the $600,000 on the note?

_____Yes                    _____No

**10.** If you answered "Yes" to question #9, how much does Tate owe Groundhogz?

$_____

**11.** Did Groundhogz fraudulently induce Tate to enter into the contract by overvaluing its business or concealing material information?

_____Yes                    _____No

**12.** If you answered "Yes" to question #11, how much does Groundhogz owe Tate?

$_____

# VERDICT

**Remember: Groundhogz means Chad Sandine, Groundhogz Express, Inc., and Groundhogz Logistics, Inc.; and Tate means Don Tate and Tate Express, Inc.**

1. Did the parties intend that the $600,000 note would be repaid in monthly installments?

   _____Yes          _____No

2. If you answered "Yes" to question #1, how much does Tate owe Groundhogz in back payments, including any interest?

   $_____

3. Did Tate honor Groundhogz's right of first refusal?

   _____Yes          _____No

4. If you answered "No" to question #3, what is the amount of resulting damage to Groundhogz?

   $_____

- 1 -

**5.** Did Groundhogz provide Tate access to all the information required by the parties' contract before the deal closed?

_____Yes                    _____No

**6.** If you answered "No" to Question #5, what was the amount of resulting damage to Tate?

$_____

**7.** Did Groundhogz receive money from FedEx during the transition that Tate is entitled to?

_____Yes                    _____No

**8.** If you answered "Yes" to question #7, how much does Groundhogz owe Tate?

$_____

Court's Draft Verdict Contract Only
6 March 2019                                    3:17-cv-151-DPM
                                               *Sandine v. Tate*

**Please sign and date this form.**


_____          _____

Foreperson                                Date